FILED

MAY - 1 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | I N D I C T M E N T |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. **1 ꞏ25 CR 0 0 2 0 9** |
| | ) | Title 18, United States Code, |
| RANDALL BOOKER, | ) | Sections 1343, and 1349 |
| KEITH TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | **JUDGE BARKER** |

GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.    Defendant RANDALL BOOKER was a resident of Euclid, Ohio, in the Northern District of Ohio, Eastern Division.

2.    Defendant KEITH TAYLOR was a resident of Euclid, Ohio, in the Northern District of Ohio, Eastern Division.

3.    Company 1 was a telecommunications and mass media company.  Company 1 was a corporation organized under the laws of the State of Delaware and headquartered in Connecticut.

4.    Company 1 operated a customer service hotline with representatives who provided technical support for existing customers or established services for new customers. Company 1 audio-recorded each customer service call it received.

5.    When a customer called Company 1's customer service line to request cable and internet services, the customer's call was routed to one of several call centers located in either

Ohio, New York, Texas, Florida, Hawaii, Missouri, or South Carolina. The customer service representative recorded the customer's information, including their name, address, telephone number, date of birth, social security number, and email address, and the services they requested into a data-entry system.

6.     Although the customer service representative obtained the customer's billing information, Company 1 did not require payment to be collected before it installed services or shipped equipment.

7.     Once the representative submitted the customer's information into the data-entry system, a work order was created.

8.     The work order was electronically transmitted from the call center through one of two servers located in North Carolina or Colorado to a technician located near the address the customer provided. The work order instructed the technician to either install certain services at or ship equipment to the address provided.

9.     After the technician installed the services or shipped the equipment, the technician entered the installation or shipment date in the data-entry system, which transmitted the data back to the call center through one of two servers located in North Carolina or Colorado.

## COUNT 1
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349)

The Grand Jury charges:

10.     The factual allegations contained in paragraphs 1 through 9 of the Indictment are re-alleged and incorporated by reference as if fully set forth herein.

11.     From in or around June 2018 through in or around August 2022, the exact dates being unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants RANDALL BOOKER and KEITH TAYLOR, and others known and

2

unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with others both known and unknown to the Grand Jury, to commit a federal offense, that is, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud Company 1, and to obtain money and property from Company 1 by means of false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing and attempting to execute the scheme and artifice to defraud, knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343 (Wire Fraud).

OBJECTS OF THE CONSPIRACY AND SCHEME

12. The objects and purposes of the conspiracy and scheme included, but were not limited to, the following: (1) induce Company 1 to install internet and television services; (2) defraud Company 1; (3) prevent detection of the conspiracy; and (4) enrich the conspirators and others.

MANNER AND MEANS OF THE CONSPIRACY AND SCHEME

13. It was part of the conspiracy and scheme that:

a. Defendants and their co-conspirators advertised on social media how they could obtain cable and internet services from Company 1 for a reduced price, despite having no affiliation with Company 1.

b. Defendants and their co-conspirators caused the individuals they solicited to pay them a fee, often approximately $50, in exchange for Defendants obtaining cable and internet services for them.

3

c.     Defendants and their co-conspirators called Company 1's customer service call center to request Company 1 to install services at, or ship equipment to, the individual's address. The only accurate information Defendants provided Company 1 during those phone calls was the service address and the types of services and equipment requested.

d.     Otherwise, during those phone calls, Defendants and their co-conspirators made and caused to be made materially false and fraudulent representations and omissions of fact for the purpose of obtaining money and property from Company 1, including:

i.     Using false and fraudulent names to hide their true identity;

ii.     Fabricating social security numbers and dates of birth to prevent Company 1 from detecting the fraud; and

iii.     Providing Company 1 fictitious, closed, and fraudulent bank account information to prevent Company 1 from being able to collect any payment for the installation, equipment, and services Company 1 provided.

e.     As a result of these material misrepresentations and omissions, Defendants and their co-conspirators caused Company 1 to ship the requested equipment and install the requested services for internet and cable.

<u>ACTS IN FURTHERANCE OF THE CONSPIRACY AND SCHEME</u>

14.     In furtherance of the conspiracy and scheme, and to accomplish the objects and purposes and conceal the existence thereof, a member of the conspiracy committed and caused to be committed, in the Northern District of Ohio, and elsewhere, the following acts, among others:

15.     On or about February 1, 2019, TAYLOR posted and caused to be posted on his personal Instagram account the following statement: "Cable Going You Get The Platinum

Packaging From Spectrum renewal every 3 months Unlimited Everything Movies Pay per view WIFI AND PHONE HMU."

16. On or about January 2, 2020, TAYLOR and BOOKER exchanged the following text messages, each message constituting a separate act in furtherance:

| | Sender | Recipient | Content |
|---|---|---|---|
| a. | TAYLOR | BOOKER | 1393 est [sic] 89th 44106 3 boxes single family |
| b. | BOOKER | TAYLOR | # |
| c. | TAYLOR | BOOKER | Use the 2342017737 |

17. On or about January 2, 2020, BOOKER called Company 1's call center and provided a fictitious name and false bank account information to induce Company 1 to install cable and internet services at 1393 E. 89th Street, Cleveland, Ohio.

18. On or about January 2, 2020, BOOKER caused Company 1 to transmit a work order to a technician to install the internet and cable services at 1393 E. 89th Street, Cleveland, Ohio.

19. On or about January 4, 2020, BOOKER caused Company 1 to install internet and cable services at 1393 E. 89th Street, Cleveland, Ohio.

20. On or about January 20, 2020, TAYLOR and BOOKER exchanged the following text messages, each message constituting a separate act in furtherance:

| | Sender | Recipient | Content |
|---|---|---|---|
| a. | TAYLOR | BOOKER | 19490 Delaware ct Euclid Ohio 44147 4tvs 2162443363 single family house |
| b. | BOOKER | TAYLOR | 2mrow 4-5pm |

21. On or about January 20, 2020, BOOKER called Company 1's call center and provided a fictitious name and false bank account information to induce Company 1 to install cable and internet services at 19490 Delaware Ct., Cleveland, Ohio.

22. On or about January 20, 2020, BOOKER caused Company 1 to transmit a work order to a technician to install the internet and cable services at 19490 Delaware Ct., Cleveland, Ohio.

23. On or about January 21, 2020, BOOKER caused Company 1 to install internet and cable services at 19490 Delaware Ct., Cleveland, Ohio.

24. On or about January 27, 2020, BOOKER called Company 1's call center and provided a fictitious name and false bank account information to induce Company 1 to install cable and internet services at 4508 Saint Germain Blvd., Cleveland, Ohio.

25. On or about January 27, 2020, BOOKER caused Company 1 to transmit a work order to a technician to install the internet and cable services at 4508 Saint Germain Blvd., Cleveland, Ohio.

26. On or about January 28, 2020, BOOKER caused Company 1 to install internet and cable services at 4508 Saint Germain Blvd., Cleveland, Ohio.

27. On or about October 25, 2020, BOOKER called Company 1's call center and provided a fictitious name and false bank account information to induce Company 1 to install cable and internet services at 385 E. 222nd Street, Apt. 14, Euclid, Ohio.

28. On or about October 25, 2020, BOOKER caused Company 1 to transmit a work order to a technician to ship internet and cable equipment to at 385 E. 222nd Street, Apt. 14, Euclid, Ohio.

29. On or about October 28, 2020, BOOKER caused Company 1 to install internet and cable services at 385 E. 222nd Street, Apt. 14, Euclid, Ohio.

6

30. On or about March 19, 2021, BOOKER called Company 1's call center and provided a fictitious name and false bank account information to induce Company 1 to install cable and internet services at 25201 Lakeshore Blvd., Apt. B8, Euclid, Ohio.

31. On or about March 19, 2021, BOOKER caused Company 1 to transmit a work order to a technician to install the internet and cable services at 25201 Lakeshore Blvd., Apt. B8, Euclid, Ohio.

32. On or about March 19, 2021, BOOKER caused Company 1 to install internet and cable services at 25201 Lakeshore Blvd., Apt. B8, Euclid, Ohio.

33. On or about August 1, 2021, BOOKER called Company 1's call center and provided a fictitious name and false bank account information to induce Company 1 to install cable and internet services at 18520 Neff Road, Cleveland, Ohio.

34. On or about August 1, 2021, BOOKER caused Company 1 to transmit a work order to a technician to ship internet and cable equipment to 18520 Neff Road, Cleveland, Ohio.

35. On or about August 1, 2021, BOOKER caused Company 1 to ship internet and cable equipment to 18520 Neff Road, Cleveland, Ohio.

36. On or about December 1, 2021, BOOKER called Company 1's call center and provided a fictitious name and false bank account information to induce Company 1 to install cable and internet services at 200 Dalepark Drive Apt. 1, Cleveland, Ohio.

37. On or about December 1, 2021, BOOKER caused Company 1 to transmit a work order to a technician to ship internet and cable equipment to 200 Dalepark Drive Apt. 1, Cleveland, Ohio.

38. On or about December 1, 2021, BOOKER caused Company 1 to ship internet and cable equipment to 200 Dalepark Drive Apt. 1, Cleveland, Ohio.

7

39. On or about March 1, 2022, BOOKER called Company 1's call center and provided a fictitious name and false bank account information to induce Company 1 to install cable and internet services at 4320 E. 119th Street, Cleveland, Ohio.

40. On or about March 1, 2022, BOOKER caused Company 1 to transmit a work order to a technician to install the internet and cable services at 4320 E. 119th Street, Cleveland, Ohio.

41. On or about March 1, 2022, BOOKER caused Company 1 to install internet and cable services at 4320 E. 119th Street, Cleveland, Ohio.

42. On or about May 18, 2022, BOOKER called Company 1's call center and provided a fictitious name and false bank account information to induce Company 1 to install cable and internet services at 4320 E. 119th Street, Cleveland, Ohio.

43. On or about May 18, 2022, BOOKER caused Company 1 to transmit a work order to a technician to install the internet and cable services that BOOKER requested.

44. On or about May 18, 2022, BOOKER caused Company 1 to install internet and cable services at 4320 E. 119th Street, Cleveland, Ohio.

45. On or about May 19, 2022, BOOKER called Company 1's call center and provided a fictitious name and false bank account information to induce Company 1 to install cable and internet services at 4291 E. 114th Street Fl. 3, Cleveland, Ohio.

46. On or about May 19, 2022, BOOKER caused Company 1 to transmit a work order to ship install the internet and cable equipment to 4291 E. 114th Street Fl. 3, Cleveland, Ohio.

47. On or about May 19, 2022, BOOKER caused Company 1 to ship internet and cable equipment to 4291 E. 114th Street Fl. 3, Cleveland, Ohio.

All in violation of Title 18, United States Code, Section 1349.

8

<u>COUNTS 2-5</u>
(Wire Fraud, 18 U.S.C. § 1343)

The Grand Jury further charges:

48.     The factual allegations contained in paragraphs 1 through 47 of the Indictment are re-alleged and incorporated by reference as if fully set forth herein.

49.     On or about the following dates, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant RANDALL BOOKER, having devised and intended to devise the foregoing scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the foregoing scheme and artifice to defraud, and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, to wit, the following interstate electronic wire communications regarding work orders and service requests that Defendant caused Company 1 to transmit, each constituting a separate count of this Indictment.

| Count | On or About Date | Call Center Location | Server Locations | Installation Location |
|---|---|---|---|---|
| 2 | April 1, 2021 | Texas | North Carolina or Colorado | Cleveland, Ohio |
| 3 | August 1, 2021 | Florida | North Carolina or Colorado | Cleveland, Ohio |
| 4 | March 1, 2022 | South Carolina | North Carolina or Colorado | Cleveland, Ohio |
| 5 | May 19, 2022 | Missouri | North Carolina or Colorado | Cleveland, Ohio |

All in violation of Title 18, United States Code, Section 1343.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.

9